KENTUCKY NAT. BANK v. CARLEY.

(Circuit Court of Appeals, Third Circuit. April 17, 1903.)

No. 35.

1. BANKRUPTCY—OBJECTIONS TO DISCHARGE—AMENDMENT—LACHES.

May 11, 1901, a creditor filed objections to a bankrupt's discharge, alleging a concealment of the bankrupt's equity growing out of certain transactions in stocks. May 10th another creditor filed objections, and thereafter united with the first creditor's attorneys in a joint motion for the reference of the specifications of both. In September the second creditor announced its case closed. In November it sought to have a witness called with whom the stock transactions were had. On July 10, 1902, the trustee sold the bankrupt's equity. In December, 1902, the second creditor prayed leave to amend its objections, so as to include the concealment of the equity. *Held*, that the refusal of leave to amend was a proper exercise of discretion; the petition being barred by laches.

Appeal from the District Court of the United States for the District of New Jersey.

Wm. Marshall Bullitt, for appellant.

Wm. J. Linihan, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and BUFFINGTON, District Judge.

BUFFINGTON, District Judge. This is a petition for review of the action of the District Court for the District of New Jersey, sitting in bankruptcy. On November 17, 1900, Francis D. Carley was adjudged bankrupt, and on February 1, 1901, presented his petition for discharge. On May 10, 1901, the present petitioner, the Kentucky National Bank, and on May 11, 1901, one George D. Patton, filed separate specifications of objections to Carley's discharge. The Patton objections in substance alleged the bankrupt had had large transactions in stocks of the Panhandle Railroad under an agreement with one W. K. Vanderbilt, and that a large part of said stocks became and were the property of the bankrupt, who had not accounted for them to the estate. The appellant did not specify this stock transaction in its objections, but on May 15, 1901, by its attorneys, it united with Patton's attorneys in a single joint motion to the court, whereby the specifications of both were referred to the referee as a special master to take and report proofs. Numerous hearings were had in pursuance of said joint reference, and in September, 1901, the Kentucky National Bank announced its case closed. On July 10, 1902, the trustee in bankruptcy sold at auction under directions of the court the equity of the bankrupt in the foregoing alleged stock transactions. In December, 1902, 19 months after its objections to discharge had been filed, and 15 months after its case had been closed, the Kentucky National Bank presented its petition, alleging more in detail but in substance the same transaction in Panhandle stock embodied in the Patton objections, filed May 11, 1901, and prayed leave to amend its objections to discharge by specifying the same. After hearing, the District Judge refused to allow such

additional specifications to be filed, because the matter urged was known to petitioner before its case was closed.

By its own admission in its petition to the court below the bank had express knowledge of the transaction in November, 1901, when it sought to have Vanderbilt called for examination. But the petitioner might well be charged with knowledge at an earlier day, when, on May 15, 1901, its counsel joined in a joint motion with Patton's to refer both sets of specifications as above noted. Presumptively, the appellant had notice of all steps taken in this proceeding, to which it had become a party. Notice of this alleged transaction was spread on the record in the Patton objections. If the appellant did not then learn of it, its failure to do so is chargeable to its own neglect. When it joined in a motion for a reference, it must be deemed chargeable with what it moved to refer; and, apart from presumptions, it is simply incredible that, in the litigation of its own specifications that followed, its counsel did not advise themselves of the objections made and litigated by its fellow objecting creditor. Laches is justly chargeable where there are circumstances which should have induced inquiry and an effort to obtain knowledge. But, accepting the latest date, November, 1901, as the one when petitioner admits knowledge, its failure to seek relief until December, 1902, in itself affords warrant for the court's refusal of its petition. Its action therein was, in view of the facts, a proper exercise of judicial discretion.

The order of the District Court is affirmed.